1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   David Bernard Clark,                    No. 4:13-CV-0129-TUC-JAS(JR)

10                    Petitioner,           **ORDER**

11  v.

12  Paul O'Connell, et al.,

13                    Respondents.

14

15          Pending before the Court is a Report and Recommendation issued by United

16  States Magistrate Judge Jacqueline Rateau that recommends denying Petitioner's habeas

17  petition filed pursuant to 28 U.S.C. §2254.[1]  As Petitioner's objections do not undermine

18  the analysis and proper conclusion reached by Magistrate Judge Rateau, Petitioner's

19  objections are rejected and the Report and Recommendation is adopted.

20          The Court has reviewed the record and Magistrate Judge Rateau's

21  recommendations de novo, and they are adopted.[2]  *See* 28 U.S.C. § 636(b)(1); Fed. R.

22

23  _____

24  [1]      The Court reviews de novo the objected-to portions of the Report and
    Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court reviews for
25  clear error the unobjected-to portions of the Report and Recommendation.  *Johnson v.*
    *Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*,
26  14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

27  [2]      A review of the record reflects that Petitioner may have been on parole rather than
28  probation at the time of filing.  This fact makes no difference to the correct legal analysis
    contained in the Report and Recommendation.

Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

Petitioner's most strenuous objection to the Report and Recommendation seems to be that it "should have included a reference to *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)." (Doc. 23 at 3). However, the Report and Recommendation correctly relies on the controlling Supreme Court authority, *Smith v. Doe*, 538 U.S. 84 (2003). And in any event, the Report and Recommendation implicitly addresses the key prongs of the *Mendoza-Martinez* test applicable to this case. *See* Report and Recommendation at 8-11. A *de novo* review of the record and pertinent authority reveals that explicitly citing *Mendoza-Martinez* would not materially change the analysis in the Report and Recommendation.

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. §2253(c) and Fed. R. App. P. 22(b)(1). Federal Rule of Appellate Procedure 22(b) requires the district court that rendered a judgment denying the petition made pursuant to 28 U.S.C. §2254 to "either issue a certificate of appealability or state why a certificate should not issue." Additionally, 28 U.S.C. §2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Report and Recommendation (Doc. 22) is accepted and adopted.

(2) Petitioner's §2254 habeas petition is denied and this case is dismissed with prejudice.

(3) A Certificate of Appealability is denied and shall not issue.

(4) The Clerk of the Court shall enter judgment and close the file in this case.

Dated this 19th day of February, 2015.

Honorable James A. Soto
United States District Judge